**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | | |
|---|---|---|
| **KOREY A. ALWOOD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CAUSE NO.  3:05-CV-033 AS** |
| **v.** | ) | |
| | ) | |
| **STEUBEN COUNTY SHERIFF** | ) | |
| **DEPARTMENT,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

### *OPINION AND ORDER*

The defendant, by counsel, seeks to dismiss this case as a sanction for the plaintiff's refusal to be deposed on September 15, 2005.

In a letter dated September 8, 2005, the defendant gave notice of the deposition to Korey A. Alwood. Attachment to docket # 85. On September 12, 2005, Mr. Alwood mailed a motion seeking a protective order preventing the deposition. Though that motion was ultimately denied on September 27, 2005, it was pending on the day of the proposed deposition.

Fed. R. Civ. P. 32(a)(3) provides that,

> . . . nor shall a deposition be used against a party who, having received less than 11 days notice of a deposition, has promptly upon receiving such notice filed a motion for a protective order under Rule 26(c)(2) requesting that the deposition not be held . . ..

Here, even if the deposition had been taken, it could not have been used. The defendants notice was late and the plaintiff's motion for a protective order was prompt and timely.

Though the court does not condone any party's refusal to cooperate with a deposition nor is it unsympathetic with the defendant's costs in this case, any sanction for refusing to participate in an unusable deposition would be unjustly punitive. Ironically, the plaintiff's refusal to participate in the deposition mitigated the defendant's cost associated with what would have been a longer deposition.

For the foregoing reasons, the motion (docket # 90) is **DENIED**.

**IT IS SO ORDERED.**

**ENTERED: September  30  , 2005**

                        S/ ALLEN SHARP
                        **ALLEN SHARP, JUDGE**
                        **UNITED STATES DISTRICT COURT**