UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KOREY A. ALWOOD, )<br>)<br>         Plaintiff, )<br>)    CAUSE NO.  3:05-CV-033 AS<br>    v. )<br>)<br>STEUBEN COUNTY SHERIFF )<br>DEPARTMENT, *et al.*, )<br>)<br>         Defendants. ) | |

### *OPINION AND ORDER*

Korey A. Alwood, a *pro se* prisoner, filed a supplemental motion for protective order and an amended motion to compel discovery. The motions he seeks to supplement and amend have already been denied, therefore the court will address these motions independently rather than as an amendment or a supplement.

I. Motion for Protective Order

The motion for protective order (docket # 87) seeks to prevent his deposition on September 15, 2005. September 15, 2005 having already passed, the motion is moot as to this item. Additionally, Mr. Alwood seeks to strike his interrogatory answers because the interrogatories themselves were not filed by the defendant. The defendant's failure to file the interrogatories is no basis for striking his filed answers. Though the defendant could not have compelled a response to unfiled discovery, Mr. Alwood responded by filing answers to that discovery. Those answers are now a part of the record in this case.

II. Motion to Compel

The plaintiff seeks to compel discovery over the objections of the defendant. The defendant has interposed numerous relevancy objections. FED R. CIV. P. 26(b)(1) defines the scope of discovery that may be obtained without a showing of good cause as to "any matter, not privileged, that is relevant to the *claim or defense* of any party . . ." and "[f]or good cause, the court may order discovery of any matter relevant to the *subject matter* involved in the action." (Emphasis added)

This case is proceeding on two Eighth Amendment excessive force claims against Craig Skeens in his individual capacity for monetary damages: (1) for allegedly slamming Mr. Alwood's face into a door and pressing on his left eye on March 17, 2003 at about 8:00 a.m.; and (2) for allegedly ordering that Mr. Alwood be held in four way restraints for seven hours on March 17, 2003 from about 9:00 a.m. until 4:00 p.m. In screening this case (docket # 12), the court identified the proper standard to be applied in resolving these issues.

> Where a prison security measure is undertaken to resolve a disturbance, such as occurred in this case, that indisputably poses significant risks to the safety of inmates and prison staff, we think the question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm. As the District Judge correctly perceived, such factors as the need for the application of force, the relationship between the need and the amount of force that was used, and the extent of injury inflicted are relevant to that ultimate determination. From such considerations inferences may be drawn as to whether the use of force could plausibly have been thought necessary, or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur. But equally

> relevant are such factors as the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of the facts known to them, and any efforts made to temper the severity of a forceful response.
>
> When the ever-present potential for violent confrontation and conflagration, ripens into actual unrest and conflict, the admonition that a prison's internal security is peculiarly a matter normally left to the discretion of prison administrators carries special weight. Prison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security. That deference extends to a prison security measure taken in response to an actual confrontation with riotous inmates, just as it does to prophylactic or preventive measures intended to reduce the incidence of these or any other breaches of prison discipline. It does not insulate from review actions taken in bad faith and for no legitimate purpose, but it requires that neither judge nor jury freely substitute their judgment for that of officials who have made a considered choice. Accordingly, in ruling on a motion for a directed verdict in a case such as this, courts must determine whether the evidence goes beyond a mere dispute over the reasonableness of a particular use of force or the existence of arguably superior alternatives. Unless it appears that the evidence, viewed in the light most favorable to the plaintiff, will support a reliable inference of wantonness in the infliction of pain under the standard we have described, the case should not go to the jury.

*Whitley v. Albers*, 475 U.S. 312, 321-322 (1986) (citations, ellipsis, and quotation marks omitted).

### A. Second Request for Production of Documents

In his Second Request, Mr. Alwood seeks discovery related to numerous matters which predate (and some of which may postdate) the March 17th incident, some by many years. None of these requests are relevant to the claim that Craig Skeens used excessive force against him on March 17, 2003. Nevertheless, if these requests are related to the subject matter of the claims in this case, the court can

3

order the discovery upon a showing of good cause. FED. R. CIV. P. 26(b)(1). Mr. Alwood seeks information about his access to the jail control room in 1993 and 1994, about the officers who transported him to the Indiana Department of Correction, about Craig Skeens' personnel file, about a woman with whom he lived and her husband who was a police officer, about a shooting incident in 1996, about his brother's employment as a police instructor and fugitive recovery agent, about his brother's service in Iraq, about police officers who dated his sister, about his father's military service, about his personal relationships with female police officers, about his boyhood friendship with the prosecutor's son, and on and on. The explanations given in this motion do not demonstrate either that these requests are related to the subject matter of the claims in this case nor that good cause exists for this discovery. Indeed, many of these requests appear to seek only scandalous or embarrassing information about non-defendants. Such requests are more than irrelevant, they are malicious.

B. Third Request for Production of Documents

In response to the Third Request, the defendant responded that copies of the requested documents will be provided at a cost of $0.20 per page. FED. R. CIV. P. 34 requires that a party, "produce and permit the party making the request . . . to inspect and copy, any designated documents . . . ." The rule does not require that the producing party pay for copying, but it does require such a party to produce the document and permit its inspection. Where employees of the Indiana Department of Correction (IDOC) are defendants, it is common for the IDOC to

4

make documents available to inmates through their counselors. Here, because the plaintiff is incarcerated and the defendant is not an IDOC employee, the documents held by defense counsel in their private law offices have not yet been made available for inspection by him. Therefore the defendant will be ordered to either arrange with the IDOC to make these documents available to Mr. Alwood (if the IDOC is willing to voluntarily cooperate) or to simply provide him with a copy of them within 10 days of this order.

### C. Fourth Request for Production of Documents

In his Fourth Request, Mr. Alwood seeks discovery concerning the classification and treatment of other inmates since 1993. None of these requests are relevant to the claim that Craig Skeens used excessive force against him on March 17, 2003. Mr. Alwood argues that this information is relevant to rebut the defendant's assertion that the jail had not previously handled similarly dangerous inmates. Though this discovery might produce such rebuttal evidence, since that testimony is not relevant to this case, it is unnecessary to rebut it. Therefore the motion does not present good cause for this discovery.

### D. Fifth Request for Production of Documents

In his Fifth Request, Mr. Alwood seeks discovery of the personnel files and disciplinary records of non-defendants, a statement by the plaintiff addressed to the FBI concerning his charges and prosecution, the booking records related to a drunk driving arrest of an investigator for the prosecutor's office, the records related to the arrest of a guard for possession of marijuana, and the records

5

related to the demotion of two officers. None of these requests are relevant to the claim that Craig Skeens used excessive force against him on March 17, 2003. The explanations given in this motion do not demonstrate either that these requests are related to the subject matter of the claims in this case nor that good cause exists for this discovery. Additionally, two of the requests in the Fifth Request duplicate the Third Request for Production of Documents and those arguments have been addressed in that section of this opinion.

### E. Sixth Request for Production of Documents

In his Sixth Request, Mr. Alwood sought, "<u>Any</u> and <u>all</u> pictures of Korey A. Alwood in the possession of Steuben County Sheriff Dept. and Jail." Docket # 82 at 1 (emphasis in original). The defendant responded that,

> Defense counsel is in the process of obtaining pictures of Korey Alwood that were in the Steuben County Newspaper on or after March 17, 2003. If such pictures still exist and defense counsel is able to obtain a copy, he will forward a copy of the picture to the plaintiff.

Docket # 82 at 1. It appears that the defendant may have misunderstood this request. The request makes no mention of the newspaper, rather it refers only to the photos possessed by the jail. It is unnecessary for defense counsel to search the newspaper. Rather he should contact the sheriff and jail to determine what photos of Mr. Alwood are included in their records.

Also in his Sixth Request, Mr. Alwood seeks copies of any records related to tort claims since 1993 against the jail or any of its employees. Mr. Alwood

6

argues that these records are absolutely and obviously relevant. These conclusory statements do not establish relevancy nor present good cause for this discovery.

### F. Interrogatories and Request for Admissions

Mr. Alwood argues that the responses to his five sets of interrogatories and his request for admissions were personally delivered by defense counsel to prison officials in an unsealed envelope that he did not receive for four days. Answers to interrogatories are not "legal mail" subject to confidentiality and neither are the orders of this court. Defense counsel is not counsel for Mr. Alwood and there is no attorney client privilege to protect. Interrogatory answers, like the orders of this court, are public records. Though defense counsel's delivery was dilatory and inconsistent with the certificate of service filed with the court, neither of these are a basis for a motion to compel discovery already received by the plaintiff.

### G. Conclusion

Mr. Alwood asserts that he should be permitted to compel this answers to these discovery requests because defense counsel has opened the door by conducting discovery which is irrelevant. While it may be true that the defendant has conducted irrelevant discovery, that question is not before the court at this time. Furthermore, even if the defendant has conducted irrelevant discovery, that is not a basis for permitting the plaintiff to conduct irrelevant discovery over the defendant's relevancy objections. Mr. Alwood, and perhaps the defendant as well, has an unreasonably expansive concept of what this case is about and what is

7

relevant to it. The issues here are narrow and well focused by this court's screening order (docket # 12).

For the foregoing reasons, the court:

(1) **DENIES** the motion for a protective order (docket # 87); and

(2) **GRANTS** the motion to compel (docket # 88) as to the Third Request for Production of Documents and **ORDERS** the defendant to either arrange with the IDOC (if the IDOC is willing to voluntarily cooperate) to make these documents available to Mr. Alwood **OR** to provide him with a copy of them within 10 days of this order;

(3) **GRANTS** the motion to compel (docket # 88) as to the photographs sought in the Sixth Request for Production of Documents and **ORDERS** the defendant to ascertain whether the Steuben County Sheriff's Department or Jail have any photographs of Mr. Alwood and if they do to either arrange with the IDOC (if the IDOC is willing to voluntarily cooperate) to make these photographs available to Mr. Alwood **OR** to provide him with a copy of them within 10 days of this order; and

(4) **DENIES** the motion to compel in all other respects (docket # 88).

**SO ORDERED.**

**Dated this 5th Day of October, 2005.**

s/Christopher A. Nuechterlein
**Christopher A. Nuechterlein**
**United States Magistrate Judge**
