UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KOREY A. ALWOOD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CAUSE NO.  3:05-CV-033 AS |
| v. ) | |
| ) | |
| STEUBEN COUNTY SHERIFF ) | |
| DEPARTMENT, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### *OPINION AND ORDER*

The defendant, by counsel, filed a Motion for Enlargement of Time of Discovery Deadlines And Motion to Compel Deposition of Plaintiff. Additionally, the defendant also seeks to enlarge the deadline for filing a dispositive motion. Federal Rule of Civil Procedure 16(b) and this court's order of April 15, 2005 provide that the scheduling order shall not be modified except upon a showing of good cause.

The motion, and the record in this case, make evident the difficulties the defendant has had in scheduling the plaintiff's deposition. The defendant now seeks to take the plaintiff's deposition on a date previously proposed by the plaintiff. Good cause having been shown for allowing the deposition on October 18, 2005, the motion will be granted with the condition that defense counsel obtain the voluntary cooperation of the facility and custodian then housing Korey A. Alwood.

The defendant seeks to compel Mr. Alwood to participate in the deposition because he believes Mr. Alwood may again refuse to be deposed. During the prior attempt to depose Mr. Alwood, he stated that he might need to assert a Fifth Amendment right against self incrimination and that he did not wish to proceed without counsel. Mr. Alwood is proceeding *pro se* in this case and he will therefore inherently be without counsel: both during his deposition and at trial, if this case goes to trial. Even so, being *pro se* does not preclude him from asserting his Fifth Amendment rights if he is asked a question, the truthful answer for which would incriminate him. Nevertheless, it should be unnecessary for Mr. Alwood to assert his Fifth Amendment privilege if the defendant limits his questioning to those items which are relevant to the two claims in this case[1] as required by FED R. CIV. P. 26(b)(1), rather than asking questions without leave of court which are merely relevant to the subject mater involved in this action.

The defendant also asks to enlarge the dispositive motion deadline. Though the discovery deadline has been enlarged to permit the plaintiff's deposition, the defendant has not demonstrated why the deposition was not conducted during the five months allotted for discovery and why he could not prepare a dispositive motion either without the deposition or during the four weeks between the

---

[1] This case is proceeding against Craig Skeens in his individual capacity for monetary damages: (1) for allegedly slamming Mr. Alwood's face into a door and pressing on his left eye on March 17, 2003 at about 8:00 a.m.; and (2) for allegedly ordering that Mr. Alwood be held in four way restraints for seven hours on March 17, 2003 from about 9:00 a.m. until 4:00 p.m. Docket # 12.

deposition and the November 15, 2005 deadline. Therefore, there is not good cause to enlarge the dispositive motion deadline.

For the foregoing reasons, the court:

(1) **GRANTS** the motion to amend (docket # 94) the scheduling order to permit the defendant to take the plaintiff's deposition on October 18, 2005, pursuant to FED. R. CIV. P. 30(a)(2), provided that he is able to obtain the voluntary cooperation of the facility and custodian then housing Korey A. Alwood, IDOC # 943771;

(2) **GRANTS** the motion to compel (docket # 94) Korey A. Alwood to participate in his deposition on October 18, 2005; and

(3) **DENIES** the motion to amend the scheduling order (docket # 94) to enlarge the dispositive motion deadline.

**SO ORDERED.**

**Dated this 5th Day of October, 2005.**

**s/Christopher A. Nuechterlein**
**Christopher A. Nuechterlein**
**United States Magistrate Judge**
