UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KOREY A. ALWOOD, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>STEUBEN COUNTY SHERIFF )<br>DEPARTMENT, *et al.*, )<br>)<br>Defendants. ) | CAUSE NO.  3:05-CV-033 AS |

*OPINION AND ORDER*

Korey A. Alwood, a *pro se* prisoner, filed a motion for summary judgment. Mr. Alwood states that the defendant has admitted the material allegations of one of the two claims against him. While it is true that when Craig Skeens did not respond to Mr. Alwood's request for admissions, they became his admissions pursuant to FED. R. CIV. P. 36(a), Mr. Alwood is incorrect that his request for admissions establish all of the necessary elements of his claim.

Mr. Alwood is seeking summary judgment on his claim that Craig Skeens slammed his face into a door and pressed on his left eye on March 17, 2003 at about 8:00 a.m. The defendant has admitted that "[a]s a result of [his] actions on March 17, 2003 in the Steuben County Jail, while taking Korey A. Alwood out of the jail intake area, . . . Korey A. Alwood sustain[ed] . . . injuries at that time". Docket # 52 at request # 1. From this admission, Mr. Alwood leaps to the conclusion that the defendant has admitted that his actions were malicious, intentional, illegal, and unconstitutional. Mr. Alwood seems to infer that the

defendant has admitted all of the allegations in the complaint; he has not. The defendant has not defaulted as to the complaint, he has merely admitted the items in the request for admissions. None of the admissions propounded by Mr. Alwood address the defendant's state of mind nor his reasons or justifications for taking actions which he admits injured the plaintiff. Neither do they establish the nature or severity of the injury the plaintiff sustained. While it is true that he has admitted that Mr. Alwood reported an eye injury to the nurse, he also admitted that the nurse denied that Mr. Alwood had an eye injury. Docket # 52 at request ## 17 and 19. Admitting that Mr. Alwood reported an eye injury is not an admission that such an injury existed, it merely admits that the defendant is aware that Mr. Alwood made such a report. So to, the defendants admission that the nurse did not identify an eye injury does not deny that such an injury existed, it merely admits that the defendant is aware that the nurse asserts that she did not find that Mr. Alwood's eye was injured.

As the court has explained several times in this case, there are valid reasons why jail and prison officials can use force against an inmate, even force which may result in the injury or death of an inmate.

> Where a prison security measure is undertaken to resolve a disturbance, such as occurred in this case, that indisputably poses significant risks to the safety of inmates and prison staff, we think the question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm. As the District Judge correctly perceived, such factors as the need for

2

the application of force, the relationship between the need and the amount of force that was used, and the extent of injury inflicted are relevant to that ultimate determination. From such considerations inferences may be drawn as to whether the use of force could plausibly have been thought necessary, or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur. But equally relevant are such factors as the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of the facts known to them, and any efforts made to temper the severity of a forceful response.

When the ever-present potential for violent confrontation and conflagration, ripens into actual unrest and conflict, the admonition that a prison's internal security is peculiarly a matter normally left to the discretion of prison administrators carries special weight. Prison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security. That deference extends to a prison security measure taken in response to an actual confrontation with riotous inmates, just as it does to prophylactic or preventive measures intended to reduce the incidence of these or any other breaches of prison discipline. It does not insulate from review actions taken in bad faith and for no legitimate purpose, but it requires that neither judge nor jury freely substitute their judgment for that of officials who have made a considered choice. Accordingly, in ruling on a motion for a directed verdict in a case such as this, courts must determine whether the evidence goes beyond a mere dispute over the reasonableness of a particular use of force or the existence of arguably superior alternatives. Unless it appears that the evidence, viewed in the light most favorable to the plaintiff, will support a reliable inference of wantonness in the infliction of pain under the standard we have described, the case should not go to the jury.

*Whitley v. Albers*, 475 U.S. 312, 321-22 (1986) (citations, ellipsis, and quotation marks omitted). The court has also explained that "[n]egligence on the part of an official does not violate the Constitution", *Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004) and that an excessive use of force can only be found were the

plaintiff demonstrates that the force was used "maliciously and sadistically for the very purpose of causing harm". *Whitley* at 321-22.

For the foregoing reasons, the motion for summary judgment (docket # 101) is **DENIED**.

**IT IS SO ORDERED.**

**ENTERED: October 11 , 2005**

                                      **S/ ALLEN SHARP**
                                  **ALLEN SHARP, JUDGE**
                                  **UNITED STATES DISTRICT COURT**