UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| **KOREY A. ALWOOD,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | CAUSE NO.  3:05-CV-033 AS |
| v. ) | |
| ) | |
| **STEUBEN COUNTY SHERIFF** ) | |
| **DEPARTMENT,** *et al.*, ) | |
| ) | |
| Defendants. ) | |

## *OPINION AND ORDER*

Korey A. Alwood, a *pro se* prisoner, filed a second motion asking to seal discovery filed by the defendant. Mr. Alwood states that this discovery is privileged. The discovery information comes from Mr. Alwood's confidential packet which was disclosed to defense counsel by the Indiana Department of Correction (IDOC). Though the IDOC generally attempts to prevent an inmate from seeing his confidential packet, an inmate has no privilege to suppress or seal this information. The IDOC has been put on notice that Mr. Alwood has access to this information and that it has been placed in the public record. See docket # 112.

Mr. Alwood makes the conclusory statement that "mental patients, adversaries, and enemies . . . can now obtain plaintiff's personal information records, etc. in order to harm plaintiff." Motion at 2, docket # 116. Mr. Alwood has not directed the court's attention to anything in this discovery which is not otherwise publically known or which could in any way be used to harm him.

> The First Amendment presumes that there is a right of access to proceedings and documents which have historically been open to the

public and where the disclosure of which would serve a significant role in the functioning of the process in question. This presumption is rebuttable upon demonstration that suppression is essential to preserve higher values and is narrowly tailored to serve that interest. The difficulties inherent in quantifying the First Amendment interests at issue require that we be firmly convinced that disclosure is inappropriate before arriving at a decision limiting access. Any doubts must be resolved in favor of disclosure.

*Grove Fresh Distribs. v. Everfresh Juice Co.,* 24 F.3d 893, 897 (7th Cir. 1994) (quotation marks and citations omitted).

Here, Mr. Alwood has not carried his burden of demonstrating that access to this information should be restricted. Therefore the motion is **DENIED**.

**SO ORDERED.**

**Dated this 29th Day of November, 2005.**

**s/Christopher A. Nuechterlein**
**Christopher A. Nuechterlein**
**United States Magistrate Judge**
