UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| **KOREY A. ALWOOD,** | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. 3:05cv0033AS |
| | ) | |
| **CRAIG SKEENS,** | ) | |
| | ) | |
| Defendant | ) | |

*MEMORANDUM OPINION AND ORDER*

On January 14, 2005, *pro se* plaintiff, Korey A. Alwood, an inmate at the Steuben County Jail (SCJ) in Steuben County, Indiana, filed a complaint purporting to state a claim under 42 U.S.C. § 1983, and invoking this Court's federal question subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343(3). The defendant filed a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure (Fed.R.Civ.P.) Together with a memorandum on November 15, 2005, which complies with the necessary mandates of *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). The petitioner filed a response on December 8, 2005 which this court has carefully examined.

Summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there exists no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c); *Celotex Corp v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242 (1986); *Bragg v. Navistar Int'l Trans. Corp.*, 164 F.3d 373 (7th Cir. 1998). *Celotex* addressed the initial burdens of the parties under Rule 56, and *Anderson* addressed the standards under which the record is to be analyzed within the structure of Rule 56.

The initial burden is on the moving party to demonstrate, "with or without supporting affidavits," the absence of a genuine issue of material fact and that judgment as a matter of law should be granted in the moving party's favor. *Celotex*, 477 U.S. at 324 (quoting FED.R.CIV.P. 56); *Larimer v. Dayton Hudson Corp.*, 137 F.3d 497 (7th Cir. 1998). A question of material fact is a question which will be outcome determinative of an issue in the case. The Supreme Court has instructed that the facts material in a specific case shall be determined by the substantive law controlling the given case or issue. *Anderson*, 477 U.S. at 248. Once the moving party has met the initial burden, the opposing party must "go beyond the pleadings" and "designate 'specific facts shows that there is a genuine [material] issue for trial.'" *Id.* The nonmoving party cannot rest on its pleadings, *Weicherding v. Riegel*, 160 F.3d 1139 (7th Cir. 1998); *Waldridge v. American Hoechst Corp.*, 24 F.3d 918 (7th Cir. 1994); nor may that party rely upon conclusory allegations in affidavits. *Smith v. Shawnee Library Sys.*, 60 F.3d 317, 320 (7th Cir. 1995).

During its summary judgment analysis, the court must construe the facts and draw all reasonable inferences in the light most favorable to the nonmoving party. *Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560 (7th Cir. 1996). Furthermore, it is required to analyze

2

summary judgment motions under the standard of proof relevant to the case or issue. *Anderson*, 477 U.S. at 252-55.  Applying the above standard, this Court addresses defendant's motion.

This plaintiff was incarcerated in the SCJ in Steuben County, Indiana in this district. He had previously been incarcerated in the Wabash Valley Correctional Facility which is not in district, but is in the territory of the U.S. District Court for the Southern District of Indiana. The events here seem to focus on the morning of March 16, 2003 when this plaintiff was transported to the SCJ in Angola, Indiana because he had a hearing scheduled in the Steuben Superior Court at that location on March 17, 2003. He had a criminal case ending against him in that court in which he was charged with assaulting an officer. It is alleged that on November 1, 2002, this pro se plaintiff was also in the SCJ on transport from the Madison County Jail in Anderson, Indiana, and that he assaulted an officer named Humerickhouse who was employed by the Madison County Sheriff's Department. The court has before it a copy of the docket sheet in the Steuben Superior Court in which this plaintiff was charged with battery of a police officer, causing bodily harm and charged as a habitual offender.

There was a status conference in the Steuben Superior Court proceeding on March 17, 2003. At a later time, this plaintiff entered a plea of guilty to a felony battery charge and to the habitual offender charge, and was sentenced thereon to five years imprisonment on June 9, 2003. It is not disputed here that this plaintiff was at the SCJ on March 16 and 17, 2003, in connection with the aforesaid criminal proceeding. He also admits that he punched

3

Officer Humerickhouse in the face and was convicted of felony battery on that police officer. Lieutenant Craig Skeens, the only defendant remaining in this case, was in charge of operations at the SCJ. This plaintiff had been housed in that jail on numerous occasions over the past 10 years, including occasions when he was transported from various correctional facilities to that jail for purposes of appearance in the Steuben Superior Court. To say the least, the relationship between this officer and this plaintiff was not warm and fuzzy. No doubt, this defendant, Craig Skeens, knew of the prior incidents involving the assault on Officer Humerickhouse. No doubt the officers dealing with this plaintiff when incarcerated in the SCJ had to deal with him with great caution and care. The undisputed facts in this case justify this plaintiff being considered a high security risk when at this jail. It is asserted here without dispute that this plaintiff holds a black belt in karate. The incident that occurred on March 17, 2003 at the SCJ is outlined in great detail under oath in this proceeding.

It is clear that this plaintiff had taken upon himself to act up very considerably which is the subject of very detailed sworn statements. The principal question here is whether there is enough in this record to make a jury issue out of this pro se plaintiff's excessive force claims and assertions. This court has manifested the strongest respect for the right to jury trial under the Seventh Amendment of the Constitution of the United States. *See Latino v. Kaizer*, 58 F.3d 310 (7th Cir. 1995).

This court must give close attention to *Hudson v. McMillian*, 503 U.S. 1 (1992) and *Lunsford v. Bennett*, 17 F.3d 1574 (7th Cir. 1994). The late Judge Henry J. Friendly several

4

decades ago in *Johnson v. Glick*, 481 F.2d 1028 (2d Cir. 1973) opined that not every touch by a prison guard gives right to a federal cause of action.  The Supreme Court seemed to take the tact in *Hudson*.  There is such a concept as de minimus use of force.  *See DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000).  Even assuming that this plaintiff was in some way a pretrial detainee under *Bell v. Wolfish*, 441 U.S. 520 (1979), an inference which is seriously undermined in the record of this case, *Bell* does not afford this plaintiff the relief he wants. *See Outlaw v. Newkirk*, 259 F.3d 833 (7th Cir. 2001), and this court's opinion in *Roberts v. Samardvich*, 909 F.Supp. 594 (N.D. Ind. 1995).

This court has had the opportunity to examine a certified copy of the medical records of this plaintiff from Wishard Health Services, and they simply do not add up as the plaintiff wishes they would.  While this court believes that the defendant here is entitled to summary judgment, it chooses not to bottom that decision on qualified immunity under *Harlow v. Fitzgerald,* 457 U.S. 800 (1982) nor under *Mallory v. Biggs*, 475 U.S. 335 (1986).  Under *Saucer v. Katz*, 533 U.S. 194 (2001), this defendant <u>might</u> be entitled to qualified immunity, but this court does not bottom its decision here on that concept.  In any event, this plaintiff has failed in his efforts under Rule 56, and, therefore, summary judgment is **GRANTED** to this defendant against this plaintiff.  Each party to bear its own costs.  Judgment shall enter accordingly.  **SO ORDERED**.

**DATED:**  January 9, 2006

                                                  **S/ ALLEN SHARP**
                                                  **ALLEN SHARP, JUDGE**
                                                  **UNITED STATES DISTRICT COURT**